IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LESLIE WILLIAMS,

    Plaintiff,

v.

CAROLYN L. COLVIN, Acting
Commissioner of Social Security,

    Defendant.

Case No. 3:14-cv-01336-PA

**ORDER**

**PANNER, District Judge:**

    Plaintiff Leslie Williams brings this action for judicial review of the final decision of the Commissioner of Social Security (the Commissioner) denying her applications for disability insurance benefits and for supplemental security income benefits. I reverse the Commissioner's decision and remand for further proceedings.

### THE ALJ'S FINDINGS

    Born in 1977, Plaintiff has an 11th grade education and was 32 years old on the alleged disability onset date. She has past relevant work as a childcare worker and call center operator.

    The Social Security Administration uses a five-step sequential evaluation process to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a)(4) (describing sequential

1   – ORDER

process for determining disability). Here, at step one of the sequential process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date.

At step two, the ALJ found Plaintiff has the severe impairments of degenerative disc disease; obesity; post-traumatic stress disorder; panic disorder; major depressive disorder; and status post fractures of the right tibia and fibula caused by a shooting Plaintiff suffered in 1996. Admin. Record (Tr.) 22.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals a listed impairment. The ALJ found Plaintiff had the residual functional capacity to perform sedentary work, with limitations including no climbing of ladders, ropes and scaffolds; occasionally climb stairs and ramps; occasionally stoop, crouch, crawl, and kneel; moderate exposure to noise; no exposure to temperature extremes; limited to performing simple, routine, repetitive tasks with one-to-two step instructions; occasional, superficial contact with co-workers on trivial matters; no public contact; occasional supervisor contact; and perform only low stress work that requires few decisions or changes. Tr. 24-25.

At step four, the ALJ found Plaintiff could not return to her past relevant work. If a claimant is found unable to perform her past relevant work, the burden of proof at step five shifts from the claimant to the Commissioner "to identify specific jobs existing in substantial numbers in the national economy" that the claimant could perform despite her limitations. *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1002 (9th Cir.2015) (further citations and internal quotation marks omitted).

Here, after consulting with the vocational expert who testified at the hearing, the ALJ found that Plaintiff could perform two jobs in the national economy: surveillance system monitor, and addresser (a clerical job). The ALJ concluded that Plaintiff was not disabled.

**STANDARD OF REVIEW**

This court must affirm the Commissioner's decision if the decision is based on proper legal standards and the findings of fact are supported by substantial evidence in the record as a whole.

42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir.1995). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

## DISCUSSION

Plaintiff contends that the ALJ erred because her cognitive limitations would preclude her from working at either of the two jobs identified by the vocational expert.

### I. The Medical Reports on Plaintiff's Reasoning Ability

In determining Plaintiff's residual functional capacity, the ALJ gave "great weight" to the report of Dr. Kay Dieter, a consulting psychological examiner. Tr. 379-84. Dr. Dieter found that Plaintiff "may be capable of simple and repetitive tasks, as well as some detailed tasks." Tr. 383.

The ALJ gave "significant weight" to the opinion of Dr. Kordell Kennemer, Psy. D. Dr. Kennemer found that Plaintiff is "capable of understanding and remembering very short and simple instructions, not detailed instructions due to interference from ptsd, depression & panic d/o. Able to remember locations and work like procedures. Can do simple, routine type work." Tr. 111.

Based on his evaluation of these medical reports and the other evidence in the record, the ALJ found that Plaintiff was limited to performing simple, routine, repetitive tasks with one-to-two step instructions.

### II. The Vocational Expert's Testimony Conflicts with the DOT Job Descriptions

The *Dictionary of Occupational Titles* (DOT) (4th ed. 1991), *available at* 1991 WL 679074, "describes the requirements for each listed occupation, including the necessary General Educational Development ("GED") levels; that is, 'aspects of education (formal and informal) . . . required of the worker for satisfactory job performance.' The GED levels includes the reasoning ability required to perform the job, ranging from Level 1 (which requires the least reasoning ability) to Level 6 (which requires the most)." *Zavalin v. Colvin,* 778 F.3d 842, 846 (9th Cir. 2015) (quoting DOT, App. C, 1991 WL 688702).

Here, the vocational expert stated that a person with the limitations found by the ALJ could perform the jobs of addresser and surveillance system monitor. The DOT states that the job of addresser requires the ability to perform Level 2 Reasoning, and that the job of surveillance system monitor requires Level 3 Reasoning. *See* DOT 209.587-010, Addresser, 1991 WL 671797; DOT No. 379.367-010, Surveillance-System Monitor, 1991 WL 673244. But Plaintiff's limitation to simple, routine, repetitive tasks with one-to-two step instructions is inconsistent with the GED reasoning levels required for the two jobs identified by the vocational expert.

The conflict is apparent in reviewing the GED Reasoning Levels. *See Zavalin*, 778 F.3d at 847. Here are the three Reasoning Levels at issue:

LEVEL 3
Apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations.

LEVEL 2
Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations.

LEVEL 1
Apply commonsense understanding to carry out simple one- or two-step instructions. Deal with standardized situations with occasional or no variables in or from these situations encountered on the job.

DOT, App. C, 1991 WL 688702.

As to the job of addresser, Plaintiff's limitation to simple, routine, repetitive tasks with one-to-two step instructions is inconsistent with the Level 3 Reasoning required for the job. The Ninth Circuit has noted the "apparent conflict between the residual functional capacity to perform simple, repetitive tasks, and the demands of Level 3 Reasoning." *Zavalin*, 778 F.3d at 847.

Similarly, as to the job of security surveillance monitor, Plaintiff's limitation is inconsistent with the Level 2 Reasoning required for the job. The Ninth Circuit recently addressed a claimant who, like Plaintiff here, was limited to one- to two-step tasks. *Rounds*, 807 F.3d at 1003-04. The Ninth Circuit determined that there is an "apparent conflict" between a claimant's limitation to one- and two-step tasks, "and the demands of Level Two reasoning, which requires a person to

4 - ORDER

'[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions.'" *Id.* at 1003 (quoting the Level 2 Reasoning standard). The court stated that "[o]nly tasks with more than one or two steps would require 'detailed' instructions. And these are precisely the kinds of tasks Rounds' RFC indicates she cannot perform." *Id.* The court also noted the "close similarity" between the limitation to one- to two-step tasks and the standard for Level One Reasoning ("[a]pply commonsense understanding to carry out simple one- or two-step instructions"). *Id.*

Although the vocational expert testified that his testimony was consistent with the DOT, Tr. 69, the vocational expert did not address the apparent inconsistency between his testimony and the GED reasoning requirements. "The ALJ's failure to reconcile this apparent conflict was not harmless" because the court cannot determine whether substantial evidence supported the ALJ's decision at step five. *Id.* at 1004. "On remand, the ALJ must determine whether there is a reasonable explanation to justify relying on the [vocational expert's] testimony," or "the [vocational expert] may be able to identify other jobs that require Level One reasoning and are suitable for someone with [Plaintiff's] other limitations." *Id.* at 1004 & n.5.

## CONCLUSION

The Commissioner's decision is reversed and this case is remanded for further proceedings consistent with this order.

IT IS SO ORDERED.

DATED this 29 day of February, 2016.

OWEN M. PANNER
U.S. DISTRICT JUDGE

5 - ORDER